The opinion of the court was delivered by
Breaux, J.
The syndic filed a provisional account, to which a number of oppositions were filed.
These oppositions were tried in the District Court, and judgment rendered, homologating the account after passing upon the different oppositions.
*1352 The syndic, personally and as syndic, appeals. He furnished an appeal bond personally, and a bond of appeal as syndic.
His account was amended in the District Court by charging him with—
1. Fifty-two sacks of rice raised in 1892 ............................................. $74 40 And adding tilas sum to the crops accounted for in the tableau.
2. Two hundred and eighty-seven bushels of corn gathered in 1892.. 86 10
8.Stock Chopper............................................................................... 25 00
4. Grist Mill................................................................................... 75 00
6. Hay Rake ............................................................................ 10 00
7. Horse-carb and harness................................................................... 40 00
8. Two old wagons ........................................................................ G 00
9. One pair of edtton scales................................................................ 5 00
10. Wagon body..................................................................................... 4 00
11. Old bagging.................................................................................... 20 00
12. Corn-cob and cotton-seed crusher................................................ 35 00
He opposes these items amending his tableau, except the first, and appeals to have the judgment corrected in this respect.
He also opposes the amendment increasing the custodian fee of F. K. Bailey to one hundred and twenty dollars, and the judgment allowing Gumbel & Co. and other opponents an additional amount of one hundred and twenty-five dollars, costs incurred by them in the session proceedings of the insolvent Andrus; as also the sum of one hundred and twenty-eight dollars and twenty cents paid by them in the attachment suits against L. V. Major; he also objects to the amendment allowing a fee of eighty dollars to the attorney for absent creditors.
The foregoing are the claims the syndic contends should not be allowed, and he asks that the judgment appealed from be reversed in so far as it amends his account.
None of the creditors have appealed save V. & E. M. Boagni; as appellees they pray for an amendment of the judgment in their respective answers to the appeal.
In addition E. M. Boagni, as mortgage creditor of Andrus, insolvent, having, he alleges, a special mortgage for one sum of fifteen hundred dollars on a place known as “Home” and another special mortgage for six thousand three hundred dollars on all his real estate, opposes the rank given by Vincent Boagni to his own claims on his account as syndic. He moved for and perfected an appeal and is before this court as an appellant.
This opponent alleges ihat the syndic Boagni, personally, held a general mortgage bearing on all the immovable property of the insolvent.
He admits that his judgment was recorded prior to his (the oppo *1353 nent’s) special mortgage, and says that it would outrank his special mortgage were it not that Dr. Vincent Boagni released his general mortgage upon a tract of land which the insolvent had sold to John Moreshinscz prior to his surrender.
The opponent claims from Vincent Boagni the value of the mortgage upon which he released his general mortgage, on the ground that he has the right of requiring a discussion of other property embraced by the general mortgage, and a fortiori to the value of the property mortgage, but sold since, and the mortgage renounced by the debtor.
The property has been sold and the proceeds are applied on the account of the syndic to the payment of the general mortgage.
The tableau filed shows a balance due the special mortgage creditor of one thousand seven hundred and seventy-six dollars and ninety-three cents, for which he is classed as an ordinary creditor.
Bichard Keough is also an opponent and applies for an increase of the amount allowed him as custodian of the property of the insolvent.
S. Gumbel & Co., whose claim is carried on the tableau for the sum of one thousand six hundred and forty-nine dollars and eighty cents, aver in their answer to the appeal that the judgment of the lower court is erroneous because it does not allow their privilege claim on any portion of the crop of 1890 save the cotton crop, though there was a corn crop made that year that realized one hundred and fifty-nine dollars and seventy-three cents, and cotton seed that brought seventy-five dollars.
A number of creditors and opponents, viz.: S. Gúmbel & Oo., L. Oppenheim & Oo., Zuberbier & Behan, Morris McGraw, Scharff & Bro.; Trager, Oonner & Oo.; Isaac Eriburg & Oo.; The Ledoux Oo., Limited; and Wackerbarth, Joseph & Oo., in an answer to the appeal, aver that the judgment rendered by the lower court is erroneous and should be so amended as to allow no more than one dollar per day as compensation to the guardians of property and classed as payable, if by privilege thereon, out of the proceeds of the property guarded by them.
Beviewing each claim in successive order, as above written, the . first item in that part of the judgment appealed from amending the account was unintentionally omitted, and no further objection is made against the judgment appealed from, in so far as relates to that claim, as allowed by the lower court.
*1354 Corn and Pecans. — They had been gathered prior to the sale of the land on which they were cultivated and produced, and did not pass to the adjudicatee of the property. There is conflict in the testimony as to the quantity and value. Our views coincide with those of the District Judge regarding these items.
It is urged that the account being provisional, the accounting for this and other property should be postponed to the final account. The testimony was admitted and the issues tried in the lower court without objection of prematurity. Moreover, in the settlement of successions the interests of all parties are served by adjusting differences whenever possible. This item was properly charged.
Stock Chopper. — This implement was on the Home Place when it was sold. It was broken, for which the syndic is not bound on the proof. It was delivered to the purchaser, and if the syndic is re - sponsible it can be accounted for on another account.
Grist Mill. — This property had been removed from the place, and because of the removal was not adjudicated with the land. It was properly charged in the judgment.
Hay Rake — This implement and one of its shafts was broken prior to the surrender; it had small value and is not chargeable at this time.
Horse Cart — It was on the place on the day of sale and delivered to the purchaser. It should be sold and the proceeds charged on account; also whatever remains of the other numbered items and any loss or damage occasioned, for which the syndic may be responsible.
P. K. Bailey’s Custodian — The syndic being personally interested as a creditor of the insolvent for a debt preceding the surrender, and an appellant, personally, has the right in his own interest to prosecute an appeal to reduce the amount allowed for services as custodian, and any other claims allowed by amendment to his account he is interested in having reduced.
An examination of the testimony satisfies us that one dollar and a half a day is reasonable compensation for the services rendered. He had charge of three places, cattle and other property, and in addition did work for the estate, requiring his entire time and attention.
Gumbel & Co. et al. — The syndic contends that there was error to' the prejudice of the insolvent et tate in allowing this firm and others the sum of one hundred and twenty-five dollars costs incurred in the suit *1355 of Andrus vs. His- Creditors; further, in allowing them one hundred and twenty-nine dollars and eighty cents paid by them in the attachment suits of Morris McGraw vs. Andrus; Zuberbier & Behan vs. Andrus; Oppenheimer & Co. vs. Andrus, and others.
In the account the clerk of court is credited with costs in suit No. 14,741, Andrus vs. His Creditors, balance, one hundred and twenty-one dollars and seventy cents. The provisional syndic says that this item of costs is included in the one hundred and twenty-five dollars, and that having been credited to the clerk they should not be credited to the opponents.
The costs are due by the insolvent estate to these opponents, as they were paid by them, and they were decreed due in decided suits.
It was proved that costs of appeal paid by the provisional syndic were ordered to be reimbursed to him by these opponents, in a decree of court rendered some time since. They amount to two hundred and thirty-five dollars and fifty-five cents, and are due by these opponents.
The difference between these two amounts is due to the opponents.
Attorney for Absent Creditors. — The amount allowed for the services is eighty dollars. He represented absent creditors having claims not secured by mortgage or privilege, and rendered services that can not be assessed at less.
Our attention is directed to See. 1817, R. S.: “ The fees of a counsellor who shall be appointed to represent absent creditors shall in no case be paid by the mass of creditors, but shall be levied upon the amount which shall be recorded for the account of the absent creditors at the rate of five per cent.; provided that in no ease shall the fees exceed the sum of two hundred and fifty dollars.”
The law being invoked, no alternative but its enforcement is left us.
It has already received judicial interpretation. In Dunbar vs. Creditors, 39 An. 591, this court said: “That section distinctly provides that such fees as those of the counsellor for absent creditors shall in no case be paid by the mass of creditors.”
In Pandelly vs. His Creditors, 1 An. 23, this court said: “The next item opposed was that of two hundred and fifty dollars, an allowance to the attorney appointed to represent the absent creditors, which the syndics had paid to him before filing the tableau. It was opposed on the ground that the fees of an attorney appointed in be *1356 half of absent creditors should, in no case, be paid by the mass of creditors, but should be levied on the amount of the sums recovered for the account of the absent creditors. Such is the very language of the statute, and this provision of law has been already enforced by the former Supreme Court in the ease of Bijotat vs. His Creditors, 1 R. 272. In that case the court also considered and refuted the argument then as now advanced, founded upon Art. 3197 of the Revised Civil Code.”
These authorities upon this point lead to one conclusion; the amount can not be charged to the mass of the creditors.
Renunciation of Prior Mortgage. — It is contended and proved that the judgment creditor released his judicial mortgage upon one of the tracts of land mortgaged.
The opponent urges that to the extent of the right secured, though his special mortgage is inferior in rank, he has a preference over the proceeds in satisfaction of his mortgage claim.
The property subject to the judicial mortgage was owned by the insolvent prior to his cession, and part of it was transferred by him to a third person subject to that mortgage.
We do not gather from the voluminous transcript that the holder of this judicial mortgage renounced it. He has not chosen to proceed against the purchaser of the property from his debtor, but applies for payment out of the proceeds of the sale of the property of the insolvent, on which also his mortgage rests.
The question arises: Is the creditor bound to impute to the extinction of his credit the value of the property to the possession of a third person also subject to his mortgage, against which he has not chosen to foreclose his mortgage?
Every part of the property is liable for the payment of the debt.
This liability is not restricted by an opposition to payment on the ground that the creditor must be relegated to the foreclosure of a mortgage on property in the hands of a third person.
The property mortgaged has been sold, and is now in the hands of the syndic for distribution.
It can not be withheld or made subject to the issue raised.
Between these two creditors, Dr. Boagni has the superior mortgage on the property, and has a right to the proceeds of the sale.
Richard Keough is another opponent. His services as guardian being similar to those rendered by Bailey, they are fixed at the same rate per day.
*1357 Gumbel & Go. — This firm, for an amendment as to the amount before mentioned, has not appealed. They seek to have the judgment amended upon an answer.
The decision homologating the account in the lower court is a separate judgment, belonging to the party in whose favor it was rendered, and binding on all the parties who did not appeal. Beer vs. Creditors, 12 An. 774.
These appellees are without right to a judgment compelling the syndic to deduct amounts from the judgments of other creditors.
Creditors en concurso who have not appealed are not in a position to have judgments amended among those from whose judgments they have not appealed.
The questions heretofore considered and passed upon arose between appellants and appellees.
We are not authorized to 'make a redistribution of any amount among those who have acquiesced in the judgment by not appealing.
It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, save in those respects and particulars indicated in the opinion as not affirming certain items.
It is not affirmed in so far as relates to the stock chopper, hay rake, horse cart; as to these articles the provisional syndic, if responsible, will account in another account.
The custodian fees of E. R. Bailey are reduced to one dollar and a half a day and those of Richard Keough are increased to one and a half dollars a day, thereby reducing the amount heretofore allowed to Bailey by one-third and increasing that allowed to Keough by one-third, the number of days of each remaining the same as fixed in the lower court.
Gumbel & Co. are allowed costs in the sum of two hundred and fifty-one dollars and fifty cents, the provisional syndic in the sum of two hundred and thirty-five dollars and fifty cents.
The fee allowed in the judgment appealed from to the attorney of absent creditors is rejected and dismissed in so far as it is claimed as due by the mass of creditors.
With these amendments the judgment appealed from is affirmed at appellee’s costs — that is, the appellees actually before the court, viz.: E. K. Bailey, Keough, Gumbel & Co. et al. in matter of costs, and the attorney for absent creditors and E. M. Boagni each in proportion to his interest.